Michael Wowna v. Commissioner.
Wowna v. Commissioner
Docket No. 26491.
United States Tax Court
1951 Tax Ct. Memo LEXIS 352; 10 T.C.M. (CCH) 81; T.C.M. (RIA) 51024; January 18, 1951
*352 Michael Wowna, pro se. John E. Mahoney, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income taxes for the calendar year 1947. Deficiency was determined in the amount of $338.18. The only issue remaining for consideration is the amount of deduction allowable to the petitioner for medical expenses. The petitioner, who was neither an attorney nor accountant, represented himself at trial. The record before us is not so complete as could be desired. We find facts as follows: [The Facts] The petitioner resides in Jersey City, New Jersey. He filed his Federal income tax return for the calendar year 1947 with the collector for the fifth district of New Jersey. The return reported adjusted gross income of $5,349.39 and claimed deductions as follows: Contributions $155; taxes $85.40; damage to automobile $25; miscellaneous $76; medical and dental expenses $1,621, consisting of the following listed items: Dr. Elia $150; Dr. Faber $100; Dr. Halpern $175; Medical Center, Jersey City $300; Dr. Goldstein $480 ( $250 home; $230 office); Taube Drug Store $416. In the determination of deficiency, the listed deductions were disallowed *353 and the standard deduction of $500 allowed. The petitioner's mother-in-law, Mary Dereval, who, the respondent on brief agrees, was petitioner's dependent during the taxable year, was asthmatic, having very frequent attacks, requiring a doctor and injections, sometimes two or three times a week. She was in the hospital twice during the year 1947, in November and December. A. Dr. Goldstein came to petitioner's house, at times two or three times a week, to attend her. He was paid $125 for visits to petitioner's home, and was paid $165 for hospital and office visits. At the time of trial Dr. Goldstein was in the Army and did not appear as a witness. He did not furnish petitioner a receipt except for the $165 for office and hospital visits. Medicine was purchased at Taube's Drug Store. Medical Center was paid $197, including $99 represented by receipts for $35, $35 and $29, and including $75 to Dr. Goldstein for professional services. A total of $712 was spent by the petitioner for medical expense during 1945, including physicians' and hospital bills. [Opinion] The petitioner's evidence and the assignments of error in the petition were confined to medical expense and his mother-in-law *354 and her illness. No effort was made to prove contributions, taxes, damage to automobile, or "miscellaneous items" claimed on the return. Though the return lists four doctors as being paid, the petitioner testified as to only one, Dr. Goldstein. Petitioner testified that Dr. Goldstein's visits to home cost him $250 to $300. He produced a hospital bill of items totaling $100 in typewriting, with other items of $97 in longhand, including $75 "Professional Service." He also produced two receipts for $35 and one for $29 from the Medical Center and on brief includes them, totaling $99, in the $461 receipts shown, which include the Medical Center item of $197. But the Medical Center bill for $197 included Dr. Goldstein's visits to the hospital; also the payments of $35, $35 and $29 (the receipts for which bear the dates shown for those payments on the hospital or "Edical Center" bill). The petitioner's return claims $230 for Dr. Goldstein's "office" bill, much more than the $165 shown on Dr. Goldstein's receipt for both office and hospital. From all of this it is obvious that the claims for medical expense in the return contain duplications and so far exceed the amounts in evidence as to *355 affect adversely the proof in general. The failure of the petitioner even to mention three doctors listed in his return as receiving a total of $425, and claiming for Dr. Goldstein's office visits twice as much as his receipt shows charged for both office and hospital visits, listing Medical Center (hospital) bills as $300 and proving $197 (including $75 to Dr. Goldstein) and on brief totaling receipted bills as $461, which duplicates the $99 in receipts, for they are covered by the $197 bill of Medical Center - all can not but have significance. Proof of payment in the taxable year was on some items lacking. However, under the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, and considering the discrepancies in the record, we have found that a total of $712 was spent on medical expenses, as follows: Hospital $122, doctors' bills $290, drugs $300. From this, under section 23 (x) of the Internal Revenue Code, there is deducted 5 per cent of the $5,349.39 adjusted gross income, or $267.47, leaving $444.53. Since this is less than the $500 standard deduction it is apparent, and we find, that the petitioner has failed to demonstrate error on the part *356 of the respondent. Respondent asked for no increase in deficiency. Decision will be entered under Rule 50. *
Footnotes
*. This decision is as amended by Tax Court order dated February 19, 1951.↩